IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | | |
|---|---|---|
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, | ) ) ) ) | C/A No. 9:21-cv-01491-DCN |
| Plaintiff, | ) ) | COMPLAINT |
| vs. | ) ) | (Declaratory Judgment) |
| JEAN MARIE WORKMAN and ANN RINALDI, Trustee of the Ann K. Rinaldi Revocable Trust, | ) ) ) ) | |
| Defendants. | ) ) | |

The Plaintiff, by and through the undersigned, seeks declaratory relief to determine the rights of the parties and respectfully alleges as follows:

**PARTIES & JURISDICTION**

1.    The Plaintiff, Government Employees Insurance Company ("GEICO") is an insurance company organized and existing under the laws of the state of Maryland with its principal place of business in the state of Maryland. GEICO is licensed and authorized to issue policies of insurance in the state of South Carolina.

2.    Upon information and belief, defendant Jean Marie Workman ("Workman") is a citizen and resident of the county of Beaufort, state of South Carolina.

3.    Upon information and belief, defendant Ann Rinaldi ("Rinaldi") is a citizen and resident of the county of Beaufort, state of South Carolina.

4.     This action is brought under the *Federal Declaratory Judgment Act*, 28 U.S.C. § 2201 *et seq.*, and Rule 57 of the Federal Rules of Civil Procedure to declare the rights and other legal relations and obligations between and among the interested parties under a policy of insurance issued by GEICO.

5.     The amount in controversy exceeds Seventy-Five Thousand and 00/100 ($75,000.00) Dollars, exclusive of interests and costs, and there is complete diversity of citizenship; therefore, this court has jurisdiction to hear this matter under 28 U.S.C. § 1332(a)(1).

6.     As the Defendants are residents of Beaufort County and a substantial portion of the alleged acts or omissions giving rise to this controversy occurred in Beaufort County, venue is proper in this Court.

7.     GEICO issued a personal liability umbrella policy ("PLUP"), Policy No. P8120022, to Gerald D. Workman and Jean M. Workman, with effective dates of May 3, 2018 to May 3, 2019 (the "GEICO Policy") and a liability limit of Five Million and 00/100 ($5,000,000.00) Dollars.

8.     A certified copy of the GEICO Policy is attached hereto as Exhibit A.

9.     The GEICO Policy provides liability coverage for certain risks and losses as defined and limited by the insuring agreement. GEICO craves reference to the GEICO Policy for all applicable terms, conditions, limitations, exclusions, and other provisions therein and incorporates them by reference herein.

10.     In pertinent part, and without limitation or exclusion as to any other applicable part, PART II – COVERAGE, the coverage agreement, of the GEICO Policy provides: "***We*** pay ***damages*** on behalf of an ***insured*** arising out of an ***occurrence***, subject to the terms and conditions of the policy." (***Emphasis in original***.)

11.     The GEICO Policy defines "***damages***" as, in pertinent part:

the total of:

(a)     damages an *insured* must pay:

    (1)     legally; or

    (2)     by agreement with *our* written consent;

because of *personal injury* or *property damage* covered by this policy…

(c)     *"Damages"* does not include: …

    (3)     punitive or exemplary damages.

**(*Emphasis in original*.)**

12.     The GEICO Policy defines an "*occurrence*" as "an accident or event, including a continuous or repeated exposure to conditions which result in *personal injury* or *property damage* neither expected [n]or intended by *you*." (*Emphasis in original*.)

13.     Under the GEICO Policy, "*personal injury*" is defined to include:

(a)     mental or bodily injury, shock, sickness, disease or death including care and loss of services; or

(b)     injury arising out of:

    (i)     false arrest, detention or imprisonment, or malicious prosecution; or

    (ii)     libel, slander, defamation, humiliation, or a publication or utterance in violation of a person's right of privacy not arising out of any business pursuit of any *insured*; or

    (iii)     wrongful entry or eviction, or other invasion of the right of private occupancy.

**(*Emphasis in original*.)**

14.     "*Property damage*" is defined in the GEICO Policy to "damage to or loss of use of tangible property."

15.     The GEICO Policy contains an exclusion for "We do not cover *damages* resulting from:…7. *Property damage* to: (a) property owned by an *insured*… ." (*Emphasis in original*.)

16.     On December 11, 2019, Rinaldi filed a civil action against Workman in the Beaufort County Court of Common Pleas currently styled <u>Ann Rinaldi, Trustee of the Ann K. Rinaldi Revocable Trust v. Jean Marie Workman</u>, No. 2019CP0702731 (the "State Action"). A copy of the complaint filed in the State Action is attached hereto as Exhibit B.

17.    In the State Action, Rinaldi alleges that on February 4, 2019, she purchased a residential home located in Beaufort County from Workman.

18.    In the State Action, Rinaldi claims that after moving into the home, she discovered preexisting latent construction and design defects and problems which Workman "intentionally or negligently concealed" from Rinaldi, despite an alleged legal duty on the part of Workman to disclose them.

19.    In the State Action complaint, Rinaldi asserts causes of action against Workman for negligence, negligent misrepresentation, constructive fraud, fraud, and violation of the *South Carolina Residential Property Condition Disclosure Act*, S.C. Code Ann. § 27-50-10 *et seq*. (the "Act").

20.    Section 27-50-65 of the Act allows for a private right of action for

An owner who knowingly violates or fails to perform any duty prescribed by any provision of this article or who discloses any material information on the disclosure statement that he knows to be false, incomplete, or misleading is liable for actual damages proximately caused to the purchaser and court costs. The court may award reasonable attorney fees incurred by the prevailing party.

21.    In the State Action, Rinaldi seeks an award of actual damages, punitive damages, attorney's fees, and/or litigation costs from Workman.

22.    After being served with the State Action, Workman provided notice of the claim to GEICO. On January 31, 2020, GEICO issued a reservation of rights letter to Workman disclaiming coverage under the GEICO Policy for the claims asserted in the State Action.

23.    Upon information and belief, FedNat Insurance Company has provided Workman with a defense to the State Action under a policy of homeowners insurance. FedNat Insurance Company has instituted a declaratory judgment action in this Court seeking to disclaim coverage for the claims asserted in the State Act. *See* <u>FedNat Ins. Co. v. Rinaldi</u>, No. 9:21-cv-01046-DCN.

- 4 -

## FOR A FIRST CAUSE OF ACTION FOR A DECLARATION

24.    GEICO repeats and realleges the foregoing allegations as if fully set forth verbatim.

25.    The claims against Workman set forth in the State Action are for the alleged concealment of, and failure to disclose, preexisting latent defects and problems in and with residential property owned by Workman prior to its sale to Rinaldi.

26.    There is no allegation in the complaint filed in the State Action that Rinaldi sustained any "***personal injury*** or ***property damage***," as those terms are defined in the GEICO Policy, as the result of any alleged act or omission committed by Workman.

27.    The allegations of the complaint filed in the State Action, therefore, do not trigger coverage under the GEICO Policy, and GEICO is entitled to a declaration that it has no duty to defend or indemnify Workman for the claims asserted in the State Action.

## FOR A SECOND CAUSE OF ACTION FOR A DECLARATION

28.    GEICO repeats and realleges the foregoing allegations as if fully set forth verbatim.

29.    The claims against Workman set forth in the State Action are for the alleged concealment of, and failure to disclose, preexisting latent defects and problems in connection with a residential real property sale and transfer.

30.    The claims against Workman, who is not alleged in the State Action complaint to be in the business of selling homes, are, therefore, subject to the exclusive provisions of the Act, particularly S.C. Code Ann. § 27-50-65.

31.    The Act imposes liability for only "knowing" violations of its provisions, including making statements in the disclosure statement which the seller "knows to be false, incomplete, or misleading… ."

32.     Because the Act imposes liability for knowing violations of its terms only, the sole cognizable claim against Workman does not, and cannot, constitute an "occurrence" (i.e., an accident neither expected nor intended by the insured) so as to trigger coverage under the GEICO Policy, and GEICO is entitled to a declaration that it has no duty to defend or indemnify Workman for the claims asserted in the State Action.

### FOR A THIRD CAUSE OF ACTION FOR A DECLARATION

33.     GEICO repeats and realleges the foregoing allegations as if fully set forth verbatim.

34.     Rinaldi's second, third, fourth, and fifth causes of action in the State Action complaint are for negligent misrepresentation, constructive fraud, fraud, and violations of the Act, respectively. In those causes of action, it is alleged that Workmen's alleged concealments and misrepresentations were "made…in an intentional, willful manner and in conscious disregard to her duties owed to [Rinaldi]," "false, intentional, willful, and characterized by dishonesty in fact," and were known to be false when they were made.

34.     Because the second, third, fourth, and fifth causes of action in the State Action complaint are premised on alleged knowing, willful and intentional conduct, they do not allege facts constituting an "occurrence" (i.e., an accident neither expected nor intended by the insured) so as to trigger coverage under the GEICO Policy, and GEICO is entitled to a declaration that it has no duty to defend or indemnify Workman for those claims.

### FOR A FOURTH CAUSE OF ACTION FOR A DECLARATION

35.     GEICO repeats and realleges the foregoing allegations as if fully set forth verbatim.

36.     The claims against Workman set forth in the State Action are for the alleged concealment of, and failure to disclose, preexisting latent defects and problems in and with residential property owned by Workman prior to its sale to Rinaldi.

37.    Of necessity, the alleged defects and problems in and with the subject property occurred and/or existed while it was owned by Workman, the insured.

38.    Damages which result from damage to "property owned by an ***insured***" are excluded from coverage, and GEICO is entitled to a declaration that it has no duty to defend or indemnify Workman for the claims asserted in the State Action.

### FOR A FIFTH CAUSE OF ACTION FOR A DECLARATION

39.    GEICO repeats and realleges the foregoing allegations as if fully set forth verbatim.

40.    In the State Action complaint, Rinaldi seeks an award of "punitive damages where applicable" from Workman.

41.    The GEICO Policy expressly provides that covered damages do not include "punitive or exemplary damages."

42.    GEICO is, therefore, entitled to a declaration that it has no duty to cover or indemnify Workman for any award of punitive or exemplary damages.

**WHEREFORE,** the Plaintiff, Government Employees Insurance Company, respectfully requests that this Honorable Court issue a declaration that GEICO has no obligation or duty to defend, indemnify, or otherwise cover the defendant Jean Marie Workman for any claims, causes, or damages asserted or which could be asserted in the civil action currently styled Ann Rinaldi, Trustee of the Ann K. Rinaldi Revocable Trust v. Jean Marie Workman, No. 2019CP0702731, brought by the defendant Ann Rinaldi in the Beaufort County Court of Common Pleas.


[Attorney's closing on following page.]

- 7 -

KING, LOVE, HUPFER & NANCE, LLC


By:     s/Robert T. King
        ROBERT T. KING #6133
        PO Box 1764
        Florence, SC 29503-1764
        (843) 407-5525 – Tel
        (843) 407-5782 – Fax
        rking@kingandlove.com
        ATTORNEY FOR PLAINTIFF

May 19, 2021